```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

MARY TWILBECK SENIA, *et al.*                                CIVIL ACTION

VERSUS                                                       NO. 06-1997

PFIZER, INC., *et al.*                                       SECTION: I/4

### ORDER AND REASONS

Before the Court are the following motions: (1) a motion to remand filed on behalf of plaintiffs, Mary Senia, wife of Joseph Senia, Shelly Hampton, Anthony Senia, Dawn Childs, Darryl Senia, and Joseph Senia, II, all individually and on behalf of the estate of decedent, Joseph Senia (Rec. Doc. No. 5); (2) a motion to stay transfer to Multidistrict Litigation ("MDL") pending a hearing on plaintiffs' remand motion filed on behalf of plaintiffs (Rec. Doc. No. 8); (3) a motion to stay or defer all proceedings pending transfer to MDL filed on behalf of defendant, Pfizer, Inc. (Rec. Doc. No. 9); and (4) a motion to dismiss filed on behalf of defendant, Dr. Jorge Contreras (Rec. Doc. No. 13).

### *Background*

On March 10, 2006, plaintiffs filed a petition in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, individually and on behalf of decedent, Joseph Edward

Senia, alleging claims against Pfizer based on its design, manufacture, distribution, testing, labeling and failure to warn of harmful side effects of Celebrex, a prescription drug, and Dr. Jorge Contreras.[1]  The petition contains only state law claims against Pfizer, the manufacturer, maker and seller of Celebrex, and Dr. Contreras, the decedent's treating physician who prescribed him Celebrex.[2]

On April 13, 2006, Pfizer filed a notice of removal, alleging that diversity of citizenship exists.[3]  Pfizer contends that Dr. Contreras, a non-diverse defendant, has been improperly joined in order to defeat federal diversity jurisdiction. Specifically, Pfizer argues that any medical malpractice claim against Dr. Contreras, a health care provider, is premature.[4]

On April 21, 2006, plaintiffs filed two contemporaneous motions:  one to have the case remanded to state court,[5] and another to stay the transfer of this action to MDL pending a hearing on their motion to remand.[6]  On April 27, 2006, Pfizer filed its motion to stay or defer all proceedings pending

---

[1] Rec. Doc. No. 1, plaintiffs' petition.

[2] *Id.*

[3] Rec. Doc. No. 1, Pfizer's notice of removal.

[4] See Rec. Doc. Nos. 1, Pfizer's notice of removal, & 14, Pfizer's opposition memorandum to plaintiffs' motion for remand.

[5] Rec. Doc. No. 5.

[6] Rec. Doc. No. 8.

transfer to the MDL.[7]  Finally, on May 10, 2006, Dr. Contreras filed a motion to dismiss plaintiffs' claims as premature and, in the alternative, to stay further proceedings against him pending consideration by a medical review panel pursuant to the Louisiana Medical Malpractice Act, La. R.S. § 40:1299.47.[8]

### *Law and Analysis*

There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.  *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).[9]  In *Smallwood v. Illinois Central Railroad*, the United States Court of Appeals for the Fifth Circuit restated the law with respect to the second method of establishing improper joinder:

> [T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.  To reduce possible confusion, we adopt this phrasing of the required proof and reject all others, whether the others appear to describe the same standard or not.
>
> There has also been some uncertainty over the proper means for predicting whether a plaintiff has a reasonable

---

[7] Rec. Doc. No. 9.

[8] Rec. Doc. No. 13.

[9] The majority opinion in *Smallwood* adopted the term "improper joinder" in lieu of the term "fraudulent joinder."  *Smallwood*, 385 F.3d at 571 n.1.

> basis of recovery under state law. A court may resolve the issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendants. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

385 F.3d 568, 573 (5th Cir. 2004) (citing *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003)) (footnotes omitted).

The "burden of persuasion placed upon those who cry 'fraudulent [or improper] joinder' is indeed a heavy one." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). In determining the validity of an improper joinder claim, "the district court 'must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff.'" *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995) (quoting *B., Inc.*, 663 F.2d at 549). The court must also resolve all ambiguities in the controlling state law in plaintiff's favor. *Id.*

Pfizer does not allege fraud in the pleading of jurisdictional facts, but rather that plaintiffs cannot establish a claim against Dr. Contreras for which relief can be granted. The basis for Pfizer's assertion is the fact that plaintiffs'

claims against Dr. Contreras have not yet come before a Louisiana medical review panel.[10]  Plaintiffs counter by citing a long line of cases from the Eastern District of Louisiana where remand was granted after the trial court determined that a premature medical malpractice claim against a non-diverse physician did not amount to improper joinder.  *See Ritchie v. Warner-Lambert Co.*, No. 01-1001, 2001 WL 527501, at *1-2 (E.D. La. May 1, 2001); *Doe v. Armour Pharm. Co.*, 837 F. Supp. 178, 183-84 (E.D. La. 1993); *Doe v. Cutter Biological*, 774 F. Supp. 1001, 1004-05 (E.D. La. 1991); *see also Danos v. Bristol-Myers Squibb Co.*, No. 03-0198, 2003 WL 21056815, at *2 (E.D. La. May 8, 2003); *Ohler v. Purdue Pharma, L.P.*, No. 01-3061, 2002 WL 88945, at *4-7 (E.D. La. Jan. 22, 2002); *contra Bourne v. Eli Lilly & Co.*, No. 05-1212, 2005 WL 2998914, at *2-3 (W.D. La. Nov. 8, 2005)(rejecting the reasoning of the line of cases from the Eastern District of Louisiana, and stating that "the possibility that a later joinder might defeat diversity and necessitate remand is not grounds to remand at present"); *In re Baycol*, No. MDL 1431, 2003 WL 24232801, at *1-2 (D. Minn. Aug. 29, 2003)(finding plaintiffs' failure to exhaust

---

[10] The Louisiana Medical Malpractice Act ("LMMA") creates an administrative procedure which requires that all claims be submitted through a medical review panel prior to filing a lawsuit in state or federal court.  *See Hidalgo v. Wilson Certified Express, Inc.*, 676 So. 2d 114, 116-17 (La. App. 1st Cir. 1996). Louisiana Revised Statute § 40:1299.47(B)(1)(a)(i) provides:
>   No action against a health care provider . . . may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel established pursuant to this Section [of the LMMA].

the Louisiana Medical Malpractice Act's administrative requirements to constitute improper joinder of the non-diverse physician-defendants).

The reasoning of these Eastern District of Louisiana cases, wherein the non-diverse defendants were found not to be fraudulently joined,[11] has been called into question by two more recent decisions of the United States Court of Appeals for the Fifth Circuit.  *See Holder v. Abbott Labs., Inc.*, 444 F.3d 383 (5th Cir. 2006); *Melder v. Allstate Corp.*, 404 F.3d 328 (5th Cir. 2005).

In *Melder v. Allstate Corp.*, the Fifth Circuit held that a non-diverse party was improperly joined because plaintiffs had failed to exhaust administrative remedies provided by Louisiana law.  404 F.3d at 332 (examining administrative requirements of the Louisiana Insurance Rating Commission).  Similarly, the *Holder* court held that remand to state court was not warranted where the plaintiffs did not comply with the exhaustion requirements of the Vaccine Act, 42 U.S.C. §§ 300aa-1 to 300aa-34, prior to filing suit in federal court.  444 F.3d at 387-88. While the Fifth Circuit has not specifically addressed the Louisiana Medical Malpractice Act's administrative requirements' effect on diversity, the teaching of *Melder* and *Holder* is that a

---

[11] These cases predate the Fifth Circuit's use of "improper joinder," its preferred terminology.

non-diverse defendant is improperly joined if plaintiffs' claim is premature at the time of removal.

Plaintiffs do not contest that they have not submitted their claims against Dr. Contreras for review to the medical review panel.[12]  Therefore, their claims against Dr. Contreras are premature.  Notwithstanding the fact that, at some point in the future, plaintiffs may have viable claims against Dr. Contreras, Fifth Circuit law establishes that he is presently improperly joined.  Accordingly, plaintiffs motion to remand must be denied.[13]

The same reasons that lead the Court to conclude that Dr. Contreras was improperly joined compel his dismissal.[14]  *See Dading v. Goodyear Tire & Rubber Co.*, No. 05-0100, 2005 WL 2037450, at *7 (E.D. La. July 25, 2005); *Acosta v. Pelican State Outpatient Clinic*, No. 03-3050, 2004 WL 459316, at *2-3 (E.D. La. Mar. 11, 2004).  As discussed above, Louisiana law requires that medical malpractice claims against a qualified health care provider first be submitted for review by a medical review panel,

---

[12] Plaintiffs state that their "[p]etition [s]tates a [c]ause of [a]ction [d]espite the [f]act that [s]uit has [b]een [i]nstituted [p]rior to the [c]onvening of a [m]edical [r]eview [p]anel."  *See* Rec. Doc. No. 5, p. 10.

[13] Having resolved plaintiffs' motion to remand, their motion to stay transfer to the MDL pending a decision on the motion to remand is moot.

[14] Plaintiffs' opposition to Dr. Contreras's motion to dismiss has not been filed as the motion is set to be heard on a future date.  Any opposition at this stage would be an exercise in futility.  However, if plaintiffs can establish that their claims against Dr. Contreras are not premature, upon a proper motion, the Court will reconsider its ruling.

prior to commencement of a civil action in court.[15] La. R.S. § 40:1299.47(A)-(B). When such claims are filed before they have been submitted to the medical review panel, the claims are premature and should be dismissed. *See Acosta*, 2004 WL 459316, at *2.

Finally, with respect to Pfizer's motion to stay all proceedings pending the outcome of a decision by the Judicial Panel on Multidistrict Litigation (the "JPML") as to whether this matter should be transferred to the MDL, plaintiffs have not opposed defendant's motion. The Court finds that a stay of all proceedings in this action is an appropriate exercise in judicial economy.

For the above and foregoing reasons, **IT IS ORDERED** that plaintiffs' motion to remand this action to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiffs' motion to stay transfer to the MDL is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that the motion to dismiss of defendant, Dr. Contreras, is **GRANTED.** Plaintiffs' claims against Dr. Contreras are **DISMISSED WITHOUT PREJUDICE.**

---

[15] Dr. Contreras is a certified health care provider pursuant to the LMMA. *See* Rec. Doc. No. 13, exhibit A (incorrectly identified as exhibit 1 in Dr. Contreras's memorandum in support of the motion to dismiss), certificate of enrollment.

**IT IS FURTHER ORDERED** that the motion to stay or defer all proceedings pending the outcome of a decision by the JPML as to whether this matter should be transferred to the MDL is **GRANTED.**

New Orleans, Louisiana, May __23rd__, 2006.

```
                              _____
                                     LANCE M. AFRICK
                              UNITED STATES DISTRICT JUDGE
```